# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## ESTHER K. PORTER, Appellant, v. WILLIAM H. COBB, Respondent. (Five Cases.)

*Double costs — Actions commenced in the Justices' Court, and brought in'o the County or Supreme Court, are within section 3258 of the Code — amount of costs determined by the law in force at time of taxation.*

APPEAL from an order, made at the Ithaca Special Term, denying plaintiff's motion for a new taxation of costs, and that double costs taxed by the defendant herein (a collector of taxes) be disallowed.

The court at General Term said : " We have here five cases, all between the same parties, and alike in all respects from their commencement to the present time, in so far as the question of law involved in the appeals are concerned. They have been hitherto considered together (22 Hun, 278), and the present appeals in them were argued and submitted on like papers, briefs and points, and they in reality involve one and the same question, both in fact and law.

The present appeals raise the question whether the defendant, a public officer, who had final judgment in his favor, is entitled to double or additional costs under section 3258 of the Code of Civil Procedure, and this is here the sole question presented for discussion.

The actions were commenced in Justices' Court, and final judgment on appeal was awarded to defendant in each case. On the taxation of costs, the clerk allowed to the latter, against the plaintiff's objection, the usual costs, and one-half thereof in addition, under section 3258 of the Code above cited. The Special Term sustained the action of the clerk in that regard. The question here presented is whether this ruling by the clerk and Special Term was right.

The allowance of costs to a party is controlled by the law in force at the time they are awarded. (*Sup.* v. *Briggs*, 3 Denio, 173 ; *Ackley* v. *Tarbox*, 19 Abb., 119 ; *Jackett* v. *Judd*, 18 How., 385.) Section 3258, above referred to, was in force when judgment was given in these cases. This section differs somewhat from the provision of the Revised Statutes touching the subject in hand, as will be seen on comparing its language with the former law; the decisions, therefore, under the latter have no bearing on the present question. The section of the Code cited gives double costs in terms to the defendant in whose favor " final judgment is rendered " in actions brought for acts done by him as a public officer, also for omission of official duties. It therefore embraces these actions, admitting that they belong to the class of actions above described. Cobb was defendant in the actions, although appellant in this court. The action was for money only, and final judgment was rendered in his favor.

But it is urged that section 3258 does not embrace or have application to actions commenced in Justices' Court. Let us examine this suggestion. Additional or double costs are given by section 3258, which section comes under the *second title* of chapter 21 of the Code of Procedure. Subdivision 13 of section 3347 restricts the application of this *second* title of chapter 21 to actions " in one of the courts specified in subdivision fourth " of that (sec. 3347) section. The courts specified in this subdivision *fourth* are, the Supreme Court, Superior City Court, Marine Court of the City of New York and County Court. Thus section 3258 applies generally to actions in these courts. The restriction referred to is " to an action in one of the courts specified in subdivision fourth " of section 3347. The restriction is not to the *actions* specified in that subdivision. If this were so, then the point urged by the appellant's counsel would be tenable. But the limitation or restriction pointed out and relied on is, to action in the *courts* specified in the subdivision. Actions, therefore, commenced in Justices' Court and brought into the County Court, and thence into the Supreme Court on appeal, where final judgment is rendered for the defendant, are within the provision of section 3258, which gives, in certain cases, additional or double costs."

The question remained, whether the actions in these cases were

186    PEOPLE ex rel. U. &. D. R. R. CO. v. BURHANS.

THIRD DEPARTMENT, SEPTEMBER TERM, 1881.

against the defendant for acts done by him by virtue of his office, or for alleged omissions by him to do that which it was his official duty to perform. It was held that they were not, and that consequently the defendant was not, for that reason, entitled to double costs.

*J. McGuire,* for the appellant.

*Waters & Knox,* for the respondent.

Opinion by BOCKES, J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

The part of the orders appealed from reversed, and motion to strike out additional costs allowed by clerk granted, with ten dollars costs in one case only, with printing disbursements in others.